11 ARMSTRONG, J.,
concurring.
I respectfully concur.
The crux of the appellant’s argument is that Section 15.1 does not use the words “solely”, “only” or “exclusively”. However, the fair reading of the Section is that it states all of the compensation to which a withdrawing partner is entitled. It is not reasonable to conclude that a law firm would carefully draft a provision as to certain amounts that a withdrawing partner is entitled to receive and then make no provision as to much larger amounts (in appellant’s case, some $300,000 versus about $34,000) which withdrawing partners are also entitled to receive.
Further, at best for appellant, Section 15.1 is ambiguous, and only slightly so, and the trial court acted correctly as a matter of law, both in light of this court’s prior decision on a writ application and in light of Civil Code Article 2053, in hearing evidence to resolve that ambiguity. Based upon that evidence, the trial court was not clearly wrong-manifestly erroneous in resolving any ambiguity in Section 15.1 in favor of appellee.
*1260 As to appellant’s claim that Section 15.2 is a non-competition agreement which violates Rules 5.6 of the Rules of Professional Conduct, I express no opinion on whether Section 15.2 was a non-competition agreement, whether Rule 5.6 was | ¡^applicable, or whether Section 15.2 violated rule 5.6 if applicable. This court has no jurisdiction over alleged violations of the Rules of Professional Conduct.